**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST <br> 712 H Street, N.E. <br> Suite 1682 <br> Washington, D.C. 20002, <br><br>           Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF AGRICULTURE <br> 1400 Independence Avenue, S.W. <br> Washington, D.C. 20250 <br><br>           Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Case No. 1:23-cv-00394 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

1. Plaintiff Protect the Public's Trust brings this action against the U.S. Department of Agriculture under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**PARTIES**

4. Plaintiff Protect the Public's Trust ("PPT") is an unincorporated association of retired and former public servants and concerned citizens that is dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. *See* D.C. Code § 29–1102(5). Consistent with Justice

Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric light the most efficient policeman," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant U.S. Department of Agriculture ("USDA" or "the Department") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). The Department has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On February 17, 2022, PPT submitted a FOIA request (attached as Exhibit A) seeking the following records:

> All records and communications, documents, and other records from January 20, 2021 through the date this request is processed, between any political appointees (all PAS, non-career SES and Schedule C) and any employee or representative of the following selected external organizations:
>
> - US Dairy Export Council
> - Aspen Institute
> - New America
> - NexGen America
> - Center for American Progress
> - Duke University
> - Bipartisan Policy Center
> - Environmental Defense Fund (EDF)
> - Sierra Club
> - Natural Resources Defense Council
> - Harvard University
> - Monsanto Company
> - Energy Independence Now
> - International Dairy Foods Association
> - Rockefeller Foundation
> - Village Capital

- Booz Allen Hamilton
- Center on Budget and Policy Priorities
- The Pew Charitable Trusts
- Natural Resource Defense Council
- Opportunity Finance Network
- AMERIND
- Goldman Sachs
- Aura Financial
- United Farm Workers Foundation
- Constitutional Rights Foundation
- Arnold Ventures
- Farmers Legal Action Group (FLAG)
- Bill & Melinda Gates Foundation
- WestExec Advisors
- SKDK or SKD Knickerbocker

7. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

8. The release of these documents is in the public interest because they will help the public understand the nature of communications between political appointees and special interest groups, which in many cases are former employers of the appointees themselves.

9. On February 17, 2022, the Department acknowledged receipt of Plaintiff's request and assigned it tracking number 2022-OSEC-02235-F. It followed up with a more fulsome acknowledgement on February 18, 2022.

10. On February 22, 2022, the Department emailed Plaintiff stating in part "the [Office of Information Affairs] has determined that your FOIA request is not perfected." The email went on to request "that PPT provide all domains and/or email addresses associated with the non-governmental entities listed in your request." The Department further requested "that the PPT provide a list of political appointees you would like the OIA to search."

11. On April 29, 2022, the Plaintiff emailed the Department for a status update regarding its request.

12. That same day, the Department responded reiterating its request for clarification and noting that Plaintiff's request was on hold pending resolution of those questions.

13. On May 12, 2022, Plaintiff replied with the following list of domains to be included in the search process:

>@USDEC.org
>@aspeninstitute.org
>@newamerica.org
>@nextgenamerica.org
>@americanprogress.org
>@duke.edu
>@bipartisanpolicy.org
>@sierraclub.org
>@nrdc.org
>@harvard.edu
>@bayer.com
>@einow.org
>@idfa.org
>@rockfound.org
>@villagecapital.com
>@bah.com
>@pewtrusts.org
>@cbpp.org
>@ofn.org
>@amerind.com
>@gs.com
>@aura.com
>@ufw.org
>@arnoldventures.org

   @crf-usa.org
   @flaginc.org
   @westexec.com
   @gatesfoundation.org
   @skdknick.com

14. Also on May 12, 2022, the Department acknowledged receipt of the list of domain names and requested a phone call to discuss records custodians.

15. On May 24, 2022, Plaintiff responded indicating availability for a phone call.

16. A phone call between Plaintiff and the Department appears to have occurred on May 24, 2022.

17. That evening, the Department sent an email summarizing the conversation and asking whether Plaintiff would be willing to modify its request in the following four ways:

   1. Narrowing the request to only agencies the OIA covers (Please see italicized text above for agencies the OIA covers);

   2. Identifying specific custodians. In reading the request, the OIA believes that you would most likely get records PPT is interested in if the OIA were to search higher officials, such as senior advisors to the Secretary and Deputy Secretary as opposed to all non-career SES and Schedule C employees;

   3. Narrowing the request to emails only. Since the onset of COVID, many agencies within the USDA have been using emails as their primary communication. With many of the employees still not back in the office, the OIA believes that any records PPT is interested in would be captured via email; and/or

   4. If and when search results are returned, would PPT be amenable to waiving attachments? Please note that should PPT be interested in any attachments after reviewing the OIA records released, PPT can submit a FOIA request directly to me asking for those attachments. The attachments would be released to PPT at that time, of course, pending possible further FOIA exemptions.

18. On May 27, 2022, Plaintiff responded "[w]e are amendable to 1,2, and 4 as described. As for 3, while we can prioritize emails, we would also prefer searches of text messages as well as information from Teams meetings, including chats."

5

19. On May 31, 2022, the Department acknowledged Plaintiff's "update and modification."

20. On June 24, 2022, Plaintiff requested an update on the status of request 2022-OSEC-02235-F.

21. On July 7, 2022, the Department responded in part "[t]he search results for the above-referenced FOIA request have been returned. The OIA is currently performing a search through records received and hopes to have an interim response to you soon."

22. On November 20, 2022, Plaintiff again requested a status update regarding request 2022-OSEC-02235-F.

23. To date, Plaintiff received no further response, nor any other communication from the Department regarding request 2022-OSEC-02235.

24. While the Department initially indicated that Plaintiff's request was not perfected, Plaintiff and the Department conferred regarding the request and modified it as appropriate. Thus, no later than May 31, 2022, the Department had a properly submitted, valid, perfected request.

25. The notion that the Department had a perfected request that reasonably described the records sought is confirmed by the Department's July 7 email, which indicated that the Department had begun its search and hoped to have an interim response soon.

26. Thus, a valid, perfected request has been pending with the Department for over 250 days – well beyond the statutory period for federal agencies to make a determination with respect to a FOIA request. 5 U.S.C. § 552(a)(6)(A)-(B).

27. As the Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

28. Notwithstanding the Department's representation in July that an interim response would be forthcoming "soon," the Department has yet to provide responsive documents.

29. As the record described above indicates, the Department has not made a determination of whether it will comply with Plaintiff's request. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). The Department has not produced responsive documents to the Plaintiff, has not communicated to the Plaintiff the scope of the documents it intends to produce and withhold, along with the reasons for such withholding, and has not informed Plaintiff of its ability to appeal any adverse portion of its determination.

30. Given these facts, it appears that absent litigation the Department has not and does not intend to meet its statutory obligations to provide the requested records.

31. Through the Department's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

32. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

33. PPT properly submitted a request for records within the possession, custody, and control of the Department.

34. The Department is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

35. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

36. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to segregate exempt information in otherwise non-exempt records responsive to the PPT FOIA request.

37. The Department's failure to provide all non-exempt responsive records violates FOIA.

38. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's FOIA request and an index justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Enjoin the Defendant from continuing to withhold any and all non-exempt responsive records.

(4) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(5) Grant PPT other such relief as the Court deems just and proper.

Dated: February 10, 2023                    Respectfully submitted,

PROTECT THE PUBLIC'S TRUST
By Counsel:

/s/Gary M. Lawkowski
Gary M. Lawkowski
D.D.C. Bar ID: VA125
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 608
Alexandria, Virginia 22314
Telephone: 703-574-1654
GLawkowski@Dhillonlaw.com

*Counsel for the Plaintiff*